IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 19-cr-1610 MV

AURELIUS JAMAL EDDIE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER comes before the Court on Defendant Aurelius Jamal Eddie's Motion for Sentence Reduction under 18 U.S.C. § 2582(c)(1)(A) (Compassionate Release) [Doc. 335] and Motion for Compassionate Release [Doc. 337]. The Court, having considered the Motions and relevant law, finds that the Motions are not well-taken and will be denied without prejudice to refiling, as set forth herein.

**BACKGROUND**

    Mr. Eddie entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pursuant to which he pled guilty to a three-count information, charging him with robbery, in violation of 18 U.S.C. § 1951, discharging a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and assault of two Navajo Nation police officers with a firearm, in violation of 18 U.S.C. § 113(a)(3). In the plea agreement, the parties stipulated to a sentence of 12 years of imprisonment. The Court accepted the plea agreement and sentenced Mr. Eddie to a 12-year term of imprisonment, 10 years of which were mandatory, and a three-year term of supervised release to follow.

Mr. Eddie, who has served approximately 74 months of his sentence, has filed two motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes Mr. Eddie's request. Mr. Eddie's motions are now before the Court for decision.

## DISCUSSION

Mr. Eddie asks for a sentence reduction pursuant to § 3582(c)(1)(A), which authorizes a district court to reduce an individual's term of imprisonment and/or modify their conditions of supervised release if, after a consideration of the factors set forth in 18 U.S.C. § 3553(a), "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act of 2018, only the director of the BOP could move for a reduction under the statute, leaving federal prisoners powerless to apply for compassionate release on their own behalf. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). However, in a section of the Act titled "Increasing the Use and Transparency of Compassionate Release," Congress amended the law to allow individuals to move for sentence reductions under § 3582(c)(1)(A)(i) once they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. Once the exhaustion requirement has been met, a district court may grant a motion for the reduction of a sentence "if three [additional] requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (emphasis added). While a reduction in sentence must be consistent with the Commission's policy statements, "courts have the authority

to determine for themselves what constitutes 'extraordinary and compelling reasons.'" *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021).

Here, on March 11, 2025, Mr. Eddie filed a completed Pro Se Motion for Compassionate Release Form ("Form Motion"), to which he attached medical records and letters of support. Doc. 335. Section IV of the Form is entitled, "Exhaustion of Administrative Remedies." This section asks the following question: "Have you personally submitted your request for compassionate release to the warden of the institution where you are incarcerated?" The Form then provides two alternative boxes to check: "Yes, I submitted a request for compassionate release to the warden on (date)"; or "No, I did not submit a request for compassionate release to the warden." If an individual checks the "No" box, they are directed to explain why not. Mr. Eddie checked the "No" box, and did not provide an explanation for why he had not submitted a request for compassionate release to the warden before filing his Form Motion.

Thereafter, on April 30, 2025, Mr. Eddie filed a handwritten Motion for Compassionate Release ("Handwritten Motion"). Doc. 337. In his Handwritten Motion, Mr. Eddie details his family circumstances, which he argues constitute an extraordinary and compelling reason to support his request. Mr. Eddie also attaches records from his time in prison to the Handwritten Motion. Mr. Eddie does not, however, indicate in the Handwritten Motion that he submitted his request for compassionate release to the warden.

Accordingly, Mr. Eddie has not established, as he must, that he has exhausted his administrative remedies. As explained above, "he was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies . . . and give [the] BOP thirty days to respond." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020). His "No" answer in his Form Motion to the question asking whether he had submitted his

request to the warden demonstrates that he did not make any such request. Because Mr. Eddie thus has failed to meet the statute's exhaustion requirement, this Court is not authorized to grant Mr. Eddie's request for compassionate release.

## CONCLUSION

Because Mr. Eddie has not exhausted his administrative remedies, his request for compassionate release must be denied. This denial, however, is without prejudice. Should Mr. Eddie choose to submit a request for compassionate release to the warden, and should 30 days then pass without a response from the warden, he may file a motion for compassionate release with the Court. Mr. Eddie is advised, however, that any such motion will not be granted unless he establishes that extraordinary and compelling reasons warrant a reduction, that a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and that a reduction is justified under the § 3553(a) factors. Mr. Eddie is advised to review the government's responses to his Motions and address the arguments therein in any future motion for compassionate release that he files.

**IT IS ORDERED** that Defendant Aurelius Jamal Eddie's Motion for Sentence Reduction under 18 U.S.C. § 2582(c)(1)(A) (Compassionate Release) [Doc. 335] and Motion for Compassionate Release [Doc. 337] are **DENIED**, consistent with this Opinion.

DATED this 1st day of October 2025.

_____
MARTHA VÁZQUEZ
Senior United States District Judge